**Terrence Lee GOETSCH, Plaintiff,**

v.

**Wilbur J. SCHMIDT et al., Defendants.**

**No. 71–C–374.**

United States District Court,
W. D. Wisconsin.

June 1, 1972.

Terrence Lee Goetsch, pro se.

Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION & ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive and compensatory relief. Plaintiff has been granted leave to proceed *in forma pauperis.* Jurisdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

In his complaint, plaintiff alleges that he is presently confined in the Wisconsin State Prison; that on July 15, 1971, plaintiff was placed in "temporary detention" in the Segregation Unit of the Prison, for an alleged rules infraction; that on July 16, 1971, plaintiff appeared before a three-member disciplinary committee and was sentenced to three days' confinement in "Idle Gang"; that after being placed in Idle Gang, plaintiff requested a subordinate of defendants to

grant him access to his legal papers and typewriter; and that "following the written order of Defendant Crist", the subordinate denied plaintiff's request.

Defendants have moved for summary judgment upon the ground that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

In support of the motion, defendants have submitted the affidavit of Elmer O. Cady, Warden, Wisconsin State Prison, to which are attached a copy of an "intra-division memorandum" and copies of documents and records taken from the Prison files. In his affidavit, Warden Cady avers that he has the care and custody of the records and files of the Prison, and that to the best of his knowledge, the information in the attached intra-division memorandum is true.

Taken together, the material in the Cady affidavit does not dispute the allegation of the complaint, but states that present prison regulations provide that inmates placed in Idle Gang for a period of less than six days are not allowed legal work or typewriters; that plaintiff's confinement in Idle Gang was for a period of three days; and that even though a prisoner is confined in Idle Gang pursuant to a disciplinary committee sentence of less than six days, he will be granted access to his legal materials and typewriter, if he is in a situation in which he must meet a court deadline for the submission of a legal document, and if he makes his predicament known to a prison officer.

Plaintiff does not dispute the accuracy or authenticity of the Cady affidavit, nor has he filed any countervailing affidavits in his own behalf. Consequently, for purposes of this motion only, I find that there is no genuine issue as to the following material facts: that on July 16, 1971, a three-man disciplinary committee of the Wisconsin State Prison sentenced plaintiff to confinement in Idle Gang for a period of three days;

that upon being placed in Idle Gang, plaintiff requested access to his legal materials and his typewriter; that this request was denied on the basis of present prison regulations governing the status of men placed in Idle Gang for a period of less than six days; and that those prison regulations provide further that when men placed in Idle Gang for less than six days must meet a deadline for the submission of a legal document and make their situation known to a prison officer, they may have access to their legal materials and typewriters.

Defendants contend that the prison regulations in question are reasonable; that they do not violate the order of this court entered in Cross v. Powers, 328 F.Supp. 899 (W.D.Wis., 1971), respecting inmate mutual legal assistance; and that plaintiff has not alleged that he was denied access to the courts because of his three-day confinement in Idle Gang.

It appears from the contentions made by defendants that they have construed the allegations of the complaint at bar solely as assertions of a denial of access to the courts. To this Court, an equally plausible construction of those allegations is that they assert that the prison regulations in question deny to men confined in Idle Gang for less than six days the same access to legal materials that is afforded to prisoners in the general population; and that they thereby deprive plaintiff, a member of the former group, of the equal protection of the laws.

Recently, in Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis., 1972), an inmate at the Wisconsin State Prison brought suit to enjoin prison officials and administrators from refusing to permit him to correspond with his sister-in-law. In denying defendants' motion for summary judgment, I stated that governmental classifications which result in differential treatment of persons convicted of a crime, as compared with those not convicted of a crime, are to be tested by the same criteria that are ap-

plied to governmental classifications affecting differential treatment among other classes of persons (*Morales, supra* at p. 550). In the course of so stating, I noted that within that class of persons who have been convicted of a crime, the equal protection of the laws is clearly operative.

The test set forth in *Morales, supra,* for adjudging "equal protection" challenges to prison regulations by persons convicted of a crime is as follows: if the regulation in question is alleged to infringe upon a "fundamental" interest, the state must show that a "compelling governmental interest" justifies the differential treatment; ordinarily, however, the burden will be upon the prisoner to show that in the particular context, the distinction created by the regulation is arbitrary and unreasonable.

 Assuming, without deciding, that the interest of the prisoner-plaintiff affected by the regulation is "fundamental", the defendants would be entitled to summary judgment only if they have demonstrated that there is no genuine issue as to material facts from which the existence of a compelling governmental interest may be inferred. Defendants have failed to make such a showing. The material contained in the Cady affidavit simply recites the regulation, states that it applies to plaintiff, claims that it has not denied plaintiff access to the courts, and concludes that the regulation is reasonable. The affidavit contains no explanation by prison officials of the rationale for the regulation, nor does it recite the goal sought to be accomplished by the enforcement of the regulation.

Assuming, on the other hand, without deciding that the interest affected is not "fundamental", the plaintiff bears the burden of showing that the regulation is arbitrary and unreasonable. This is a heavy burden, obviously, and it is not altogether clear how, procedurally or in terms of evidence, a challenger of a regulation may demonstrate the absence of any reasonable basis for the regulation. However, it seems clear that the opportunity to make this showing ought not be denied to the challenger by means of a summary judgment dismissing his complaint unless the defense can demonstrate that there is no genuine issue as to material facts from which the existence of one or more reasonable bases for the regulation may be inferred. Defendants have failed thus far to meet even this mild test.

Accordingly, it is hereby ordered that defendants' motion for summary judgment is denied.